# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL L. MARTIN, | ) |
| Petitioner, | ) Case No. 7:19CV00854 |
| v. | ) **OPINION AND ORDER** |
| HAROLD CLARKE, DIRECTOR, | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Michael L. Martin, Pro Se Petitioner; Robert H. Anderson, III, Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Respondent.*

This action, filed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, is before me on Petitioner Michael L. Martin's motion seeking reconsideration of my Opinion and Final Order denying relief. Because the motion was filed within 28 days of that Final Order, I will consider it under Rule 59(e) of the Federal Rules of Civil Procedure. After review of the record, I conclude that the motion must be denied.

In his pro se § 2254 petition, Martin challenged his confinement pursuant to a 2017 judgment entered by the Circuit Court for Pittsylvania County. Several jurisdictions charged Martin with crimes, based largely on information provided to police by Rynesha Greene about thefts Martin had committed and on evidence seized

on July 2, 2015, as a result of a search of the residence Martin and Greene shared. Ultimately, in the Pittsylvania County court, Martin entered an *Alford* plea of guilty to two counts of grand larceny.¹ His appeals and state court habeas proceedings were unsuccessful.

Martin filed his federal habeas petition on December 11, 2019, alleging claims of ineffective assistance of counsel related to his belief that evidence from the search was illegally obtained. By Opinion and Order entered September 1, 2020, I granted the Motion to Dismiss, finding the petition to be untimely filed under 28 U.S.C. § 2244(d)(1), with insufficient evidence to support statutory or equitable tolling. *Martin v. Clarke*, No. 7:19CV00854, 2020 WL 5201219 (W.D. Va. Sept. 1, 2020).

"Rule 59(e) allows a litigant to file a motion to alter or amend a judgment" immediately after its issuance. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).² Because a motion under Rule 59(e) provides the district court "the chance to rectify its own mistakes in the period immediately following its decision," courts use it "only to reconsider matters properly encompassed in a decision on the merits" and not to "address new arguments or evidence that the moving party could have raised

---

¹ *North Carolina v. Alford*, 400 U.S. 25, 38 (1970) ("In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.").

² I have omitted internal quotation marks, citations, and alterations here and throughout this Opinion and Order, unless otherwise noted.

before the decision issued." *Id.* A Rule 59(e) motion, unlike a Rule 60(b) motion, should not be considered as a second or successive habeas application and is more properly considered part of the petitioner's initial habeas effort. *Id.* at 1711. Only in certain limited circumstances, may the court grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

Martin has not presented any argument for reconsideration of my findings that his petition was not timely filed, that he is not entitled to statutory tolling of the federal filing period under § 2244(d)(1), or that he is not entitled to equitable tolling based on limited access to legal materials. He also fails to point to any change in applicable law or any particular error so as to warrant relief under Rule 59(e).

Rather, Martin challenges only my finding that he has not made an adequate showing of his actual innocence as a basis for equitable tolling.

> In rare circumstances, a habeas litigant can avoid the time bar and have his federal claims considered on the merits if he can show that failure to consider his habeas claims will result in a miscarriage of justice because he is actually innocent. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). "The miscarriage of justice exception [to the federal statute of limitations for filing a habeas petition] applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 394–95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

*Martin*, 2020 WL 5201219, at *7. I expressly found that Martin had "fail[ed] to point to any new evidence supporting any colorable claim that he is actually innocent of the offenses for which he stands convicted," and that the record offered no support for such a finding. *Id.* Furthermore, I noted that even if Martin had been able to circumvent the time bar of § 2244(d)(1), I found that he was not entitled to relief on his underlying habeas claims for the reasons stated by the Supreme Court of Virginia in denying his state habeas petition. *Id.* at n.9 (citing 28 U.S.C. § 2254(d); *Strickland v. Washington*, 466 U.S. 668 (1984)).

Martin's lengthy motion for reconsideration largely reiterates allegations from his petition that his state court attorneys should have challenged the search warrant and its execution for various reasons to seek suppression of the evidence. Martin also offers, for the first time, documentation that purportedly shows how Greene stole property and personal identification information from him and used it to buy food stamps and attempted to open a bank account in his name after he was incarcerated. Martin contends that this evidence of Greene's initiative to commit theft and fraud on her own undercuts the credibility of her claims to police that Martin forced her to commit crimes with him, thereby improving his chance to succeed in suppressing the evidence against him. With all the evidence from the search suppressed, Martin asserts, he would not have been convicted on any count.

Martin fails to show, however, that any of this evidence about Greene's supposed fraud using his personal information was unknown or unavailable to him when he decided to plead no contest to the Pittsylvania criminal charges. Thus, I do not find it appropriate to invoke the *McQuiggin/Schlup* actual innocence exception to excuse Martin's untimely filing of his federal habeas petition.

Moreover, Martin misunderstands the nature of the exception he seeks to employ. Even if he could meet the elements of actual innocence under *Schlup* in some manner, such a showing of actual innocence merely opens a gateway through which I may address his untimely filed federal habeas claims on the merits. *McQuiggin*, 569 U.S. at 392 ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief."). As stated, I have already ruled that Martin's habeas claims are without merit under § 2254(d)(1), as the Supreme Court of Virginia found. *Martin*, 2020 WL 5406438, at *7 n.9.

For the reasons stated in this Opinion and Order, it is **ORDERED** that the motion under Rule 59(e), ECF No. 31, is DENIED.

ENTER: July 15, 2021

/s/ James P. Jones
United States District Judge